# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

LIFE INSURANCE COMPANY  :
OF NORTH AMERICA,
                                                         :
    Plaintiff,
                                                         :
vs.                                                          CA 09-0831-CG-C
                                                         :
DEBORAH FOSTER, et al.,
                                                         :
    Defendants.

## REPORT AND RECOMMENDATION

This cause is before the Court on the complaint, defendant Deborah Foster's motion to dismiss, or inter alia transfer to the Circuit Court of Pike County, Alabama or the Middle District of Alabama (Doc. 20), plaintiff's response in opposition (Doc. 27), and the movant's rebuttal (Doc. 28). After consideration of the foregoing pleadings, and all other pertinent pleadings in this case, it is the undersigned's recommendation that defendant Deborah Foster's motion to dismiss or, alternatively, transfer this action to the Circuit Court of Pike County, Alabama or to the United States District Court for the Middle District of Alabama be **DENIED IN ITS ENTIRETY**.

**FINDINGS OF FACT**

1.  Life Insurance Company of North America ("LINA") filed an interpleader action, pursuant to Rule 22 of the Federal Rules of Civil Procedure, in this Court on December 23, 2009. (Doc. 1) Therein, plaintiff identifies defendant Deborah Foster as a resident of Baldwin County, Alabama (*id.* at ¶ 2) and contends that venue is proper in this Court "pursuant to 28 U.S.C. §[] 1397 (the district where one or more of the claimants reside) and 29 U.S.C. § 1132(e)(2) (the district where decedent lived).[1]" (*Id.* at ¶ 9 (footnote added)) LINA further asserts that this Court may exercise subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 since this matter relates to an employee welfare benefit plan regulated by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.* (*Id.* at ¶ 8)

2.  Defendant Deborah Foster filed her motion to dismiss or, alternatively, to transfer venue to the Circuit Court of Pike County, Alabama or the Middle District of Alabama on February 5, 2010. (Doc. 20) This motion reads in its entirety as follows:

---

[1] In fact, § 1132(e)(2) reads, in relevant part, as follows: "Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where ***a defendant resides or may be found***[.]" *Id.* (emphasis supplied).

COMES NOW, the Defendant, Deborah Foster, by and through her attorney of record and hereby moves as follows:

1. Dismiss the action under Federal Rule of Civ. Procedure 12(b)(6) for lack of jurisdiction. The Defendant, in support for said motion would cite the case of Allstate Life Ins. Co. v. Hanson, 200 F.Supp.2d 1012 (W.D. Wis. 2002). 28 U.S.C. § 1441(b) does not permit removal of an action to federal court where one of the defendants is a citizen of the state in which the action is brought.

2. Should the Court not grant its (sic) motion to dismiss, the Defendant alternatively moves to transfer the case to the Circuit Court of Pike County, Alabama. The Defendant would show in support of the same as follows:

The deceased, Larry Foster, was a resident citizen of Pike County, Alabama, at the time of his death. The deceased was married to Deborah Foster at the time of his death and had named her the sole beneficiary of his life insurance proceeds which is (sic) subject to this action.

Although the Defendant, Deborah Foster, had taken a temporary job in Baldwin County, Alabama, prior to Mr. Foster's death, she had not permanently moved her residency. The Defendant, Deborah Foster, filed for and was granted Letters of Administration on the Estate of Larry Foster, deceased, from the Probate Court of Pike County, Alabama. (See Exhibit A)

The Defendant, Deborah Foster, has filed a Declaratory Judgment Action in the Circuit Court of Pike County, Alabama, in reference to said insurance proceeds. (See Exhibit B)

> Wherefore, since the Defendant, Deborah Foster, was a resident of Pike [C]ounty, Alabama, as well as the deceased, the action should be dismissed or remanded to the Circuit Court for Pike County, Alabama.
>
> > 3. If the Court fails to dismiss this matter or fails to remand this matter to the Circuit Court for Pike County, Alabama, then the Defendant, Deborah Foster, pleas the alternative to move the venue of this matter to the United States District Court for the Middle District of Alabama.
>
> In support for said motion Deborah Foster would show the Court that she and Larry Foster were both resident citizens of Pike County, Alabama, at the time of Larry Foster's death. She would also show the Court that the Probate Court for Pike [C]ounty, Alabama, has granted her Letters of Administration and that she has filed a Declaratory Judgment action in the Circuit Court for Pike County, Alabama.
>
> Wherefore, the above action should be dismissed or transferred as indicated.

(*Id.* at 1-2)

3. In response, plaintiff correctly points out that this case was not removed from the Circuit Court of Pike County, Alabama and, therefore, obviously cannot be dismissed on this basis or remanded by this Court to Pike County; instead, this was an originally-filed action in this Court asserting as the jurisdictional basis 28 U.S.C. § 1331, same providing for original jurisdiction over actions arising under ERISA. (Doc. 27, at 1-3) With respect

to the third prong of defendant Deborah Foster's three-pronged attack, plaintiff argues the following: "Although LINA submits that this action was properly filed in the Southern District of Alabama (where Ms. Foster currently resides), it would not oppose transfer to the Middle District of Alabama if Foster could make the necessary showing under 28 U.S.C. § 1404(a), which she has not done." (*Id*. at 4, ¶ 6)

4. In her self-styled rebuttal to LINA's response, Deborah Foster appears to put less emphasis on her first two asserted grounds for dismissal/remand/transfer and focuses her energies on the request for change of venue. (*See* Doc. 28)

> 2. The Plaintiff has made an argument that [] Deborah Foster must specifically plead her case for a change of venue. It is the Plaintiff's responsibility to prove jurisdiction exists at the time of the filing and not the Defendants. Specifically[,] the Plaintiff is required to prove that the Court has jurisdiction of the preceding (sic) both in rem and in personam. In order to do that they (sic) must show that at least one of the parties was a resident of the Southern District of Alabama at the time of filing. They (sic) have failed to do so. In fact[,] they (sic) were (sic) aware that Deborah Foster had moved to her current address and that at the time of her husband's death they were both lawful residents of Pike County, Alabama.
>
> 3. The Defendant, Deborah Foster[,] has filed an affidavit concerning her residency which is attached to this pleading[]. Because the pleadings fall short on their face in relation to venue then the case must be dismissed with the

> Declaratory Judgment addressing the ERISA concerns or transferred to the Middle District of Alabama for further consideration.
>
> WHEREFORE[,] the Defendant, Deborah Foster[,] prays the Court will dismiss the present case for want of jurisdiction or in the alternative transfer the same to the U.S. District Court for the Middle District of Alabama.

(*Id.* at 1-2) Based upon the foregoing, it now appears that defendant Deborah Foster's primary argument is that venue in this case should be transferred to the United States District Court for the Middle District of Alabama. (*See id.*) In support thereof, her purported affidavit reads, in relevant part, as follows:

> My name is Deborah Foster and at the time of my Husband[']s death and the Interpleader lawsuit filed against me[,] I was an adult legal resident of Pike County, Alabama.
>
> Just before my husband[']s death, I took a job managing an apartment complex in Daphne, Alabama. The job turned out to be temporary because I was terminated about the time the Interpleader action was filed. In fact[,] I had already left Daphne, Alabama, and the papers had to be forwarded to me at my present location.
>
> I never was a legal resident of Daphne, Alabama and I presently live at 3017 Cabela Lane, Crestview, Florida 32539.
>
> I filed my husband[']s estate in Pike County, Alabama, which was the county of our residence at the time of his death.

(*Id.*, Exhibit A) The undersigned has referred to the foregoing as defendant Deborah Foster's purported affidavit because same was sworn to and

subscribed before a notary public whose commission had expired and, in addition, same does not contain the notary's seal. (*See id.* (affidavit sworn on March 11, 2010 and the commission of Notary Public Linsey Sanders expired on February 22, 2010; document filed without seal of notary))

## CONCLUSIONS OF LAW

1.   Two types of interpleader actions are permissible in federal court: a "rule" interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure[2] and a "statutory" interpleader action under 28 U.S.C. § 1335. *Compare AMEX Assurance Co. v. Sumrall,* 2008 WL 150067, *1 (M.D. Ala. 2008) ("28 U.S.C. § 1335 . . . is commonly referred to as 'statutory interpleader'; however, to invoke a court's jurisdiction to hear a statutory interpleader, § 1335 requires that $500 or more be involved and that the state citizenship of two or more claimants be diverse from each other. . . . '[R]ule interpleader' under Rule 22 of the Federal Rules of Civil Procedure . . . has no provision for subject-matter jurisdiction; rather Rule 22 provides only the procedural vehicle for interpleader, and the plaintiff seeking such interpleader must look elsewhere to invoke the court's subject-matter jurisdiction.") *with*

---

[2]   "Rule interpleader is a device designed to protect, from the possibility of defending multiple claims where there are not multiple obligations, 'an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner.'" *AMEX Assurance Co., infra* (citation omitted).

*Harris Corp. v. Dunn*, 2006 WL 2691541, *2 (M.D. Fla.) ("[T]his action is not brought under the interpleader statute, but rather as an ERISA action under 29 U.S.C. § 1132(a)(3) and as an interpleader action pursuant to Fed.R.Civ.P. 22."), *report & recommendation adopted by* 2006 WL 2787853 (2006). Plaintiff has initially satisfied the undersigned that this action is appropriately brought in federal court as an ERISA action under 29 U.S.C. § 1132 and an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure (Doc. 1, at ¶ 8). *See Harris Corp., supra.*[3] Therefore, defendant Deborah Foster's first argument that this action is due to be dismissed for lack of jurisdiction (*see* Doc. 20, ¶ 1) is due to be **REJECTED.**[4]

2.	In addition, the Court should **REJECT** defendant Deborah Foster's argument that this cause should be transferred to the Circuit Court of Pike County, Alabama. (*See* Doc. 20, ¶ 2) The undersigned is unaware of any

---

[3]	Because this is decidedly a rule interpleader action, it does not appear that this Court can enjoin the defendants as plaintiff seeks under 28 U.S.C. § 2361 (Doc. 1, at 7). *Harris Corp., supra,* at *3 ("[28 U.S.C. § 2361] is not available as a basis for an injunction in a Rule 22 case[.]"); *see also Life Ins. Co. of North America v. Thorngren*, 2005 WL 2387596, *4 (D. Idaho 2005) ("When a restraining order is sought in a Rule 22 interpleader action, the court looks to the standards of 28 U.S.C. § 2283, and Fed.R.Civ.P. 65, and not to those of statutory interpleader, 28 U.S.C. § 2361.").

[4]	In this regard, the undersigned notes that this case was originally brought in this Court; it did not arrive here through the removal process set forth in 28 U.SC. § 1441. Accordingly, any suggestion by defendant Deborah Foster that this case should be "remanded" to the Pike County Circuit Court is due to be **REJECTED**.

mechanism whereby a federal district court can transfer a case over which original jurisdiction exists in federal court to a state court. Inasmuch as the moving defendant has cited no authority sanctioning such a transfer, defendant Deborah Foster's suggestion in this regard should, again, be **REJECTED**.

       3.      The moving defendant's final contention is that this Court should transfer this action to the United States District Court for the Middle District of Alabama. (Doc. 20, at ¶ 3) The moving party nowhere states under which statutory section she is challenging venue in this Court, *compare* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.") *with* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."), and while plaintiff attempts to assist by citing to § 1404 (Doc. 27, at ¶ 6), the undersigned declines to make that choice for the moving party and venture into the applicable analysis in light of the moving party's apparent goal of garnering a dismissal (*see* Doc. 28, at 2) and her failure to provide admissible evidence from which this Court can determine that it is proper to transfer this

action to the United States District Court for the Middle District of Alabama.[5]
In fact, if the undersigned was to consider the unverified and inadmissible representations of the movant in her affidavit, the conclusion would have to be that Deborah Foster was arguably a resident of Baldwin County at the time of the filing of the interpleader action in this Court thereby laying venue properly in this Court. (*Compare* Doc. 28, Exhibit A ("Just before my husband[']s death, I took a job managing an apartment complex in Daphne, Alabama. The job turned out to be temporary because ***I was terminated about the time the Interpleader action was filed***. In fact[,] I had already left Daphne, Alabama, and the papers had to be forwarded to me at my present location.") *with* 28 U.S.C. § 1397 ("***Any civil action of interpleader*** or in the nature of interpleader under section 1335 of this title ***may be brought in the judicial***

---

[5] An affidavit is "[a] voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths, such as a notary public." Black's Law Dictionary, at 62 (8th ed. 2004). In this instance, the undersigned finds that Deborah Foster has not submitted a valid affidavit to this Court upon which it may rely because same does not contain the notary public's seal but more importantly, the document, on its face, reflects that the notary public's commission had expired prior to the execution of the document. Accordingly, it is not an admissible affidavit upon which this Court may rely in performing any type of venue analysis. *Cf. Bryant v. Orlando Sentinel Communications Co.,* 2007 WL 1796258, *5 (M.D. Fla. 2007) ("In the case at bar, Plaintiff Purvette Bryant's affidavit is deficient in at least two respects. First, the affidavit states that Plaintiff was duly sworn before it was written, but the document includes no notarization of acknowledgment by a notary public. [] Furthermore, the affidavit is not signed by Plaintiff. . . . Such deficiencies render Plaintiff's affidavit inadmissible for purposes of ruling on the Sentinel's motion for summary judgment."); *see Mason v. Cassady*, 2008 WL 2622822, * 2 (S.D. Ala. 2008) ("Even if Mason's Exhibit B was allowed by the Court, his Exhibit B does not comport with the requirements of an affidavit.").

*district in which one or more of the claimants reside*.") *and* 29 U.S.C. § 1132(e)(2) ("Where an action under this subchapter is brought in a district court of the United States, it mat be brought in the district . . . *where a defendant resides or may be found*[.]") (emphasis supplied))

       4.      In light of the foregoing, the Magistrate Judge recommends that defendant Deborah Foster's motion to dismiss, or inter alia transfer to the Circuit Court of Pike County, Alabama or the Middle District of Alabama (Doc. 20) be **DENIED IN ITS ENTIRETY**. The denial of this motion is without prejudice to Deborah Foster's ability to file a properly-supported and analyzed motion to dismiss[6] or, alternatively, transfer venue which identifies the appropriate statutory vehicle for this Court to transfer venue of this case to the United States District Court for the Middle District of Alabama.[7]

---

[6] The Clerk's Office has referred to the undersigned Deborah Foster's consolidated answer to the crossclaim and third-party complaint of Wendy J. Foster, etc. to the extent same seeks the dismissal of the claims brought by Amanda M. Foster and Ashley N. Foster, as well as the claims brought on behalf of T.M.F. and D.J.F. by Wendy Foster. (*Compare* Docket Sheet Entry for February 11, 2010 *with* Doc. 23, at 2-3 *and* Doc. 14) The undersigned recommends that the Court **STRIKE** those paragraphs of Deborah Foster's consolidated answer to the crossclaim and third-party complaint of Wendy J. Foster, etc., which seek dismissal of the third-party claims inasmuch as such pleading fails to comport with this Court's requirements that a separate motion to dismiss a claim be filed along with a brief filed in support thereof. SD ALA LR 7.1(a) ("Any motion filed pursuant to Rule 12(b) . . . of the Federal Rules of Civil Procedure must be supported by a brief. Failure to file a brief may result in the denial of the motion.").

[7] For instance, when making a decision about whether to transfer venue pursuant to 28 U.S.C. § 1404(a), district courts "generally rely on a number of factors including: (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the

## CONCLUSION

The Magistrate Judge recommends that defendant Deborah Foster's motion to dismiss, or inter alia transfer to the Circuit Court of Pike County, Alabama or the Middle District of Alabama (Doc. 20) be **DENIED IN ITS ENTIRETY**.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 31st day of March, 2010.

      s/WILLIAM E. CASSADY
      **UNITED STATES MAGISTRATE JUDGE**

---

witnesses, and the availability of witnesses through compulsory process; (4) the location of documents and other sources of proof; (5) the relative ability of the parties to bear the expense of changing the forum; and (6) trial efficiency and expense to the justice system." *Gould v. National Life Ins. Co.*, 990 F.Supp. 1354, 1357-1358 (M.D.Ala. 1998).

For a discussion of transfer of venue pursuant to 28 U.S.C. § 1406(a), as opposed to dismissal under that section, the undersigned would direct the movant's attention to *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465-466 & 466-467, 82 S.Ct. 913, 915 & 916, 8 L.Ed.2d 39 (1962) .

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

l.  *Objection.*  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[8] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  *Transcript (applicable Where Proceedings Tape Recorded).*  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[8]  Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).